**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DONOVAN THOMAS,

                    **Plaintiff,**

      v.                                            **9:12-CV-1061**
                                                             **(MAD/DEP)**

O'NEIL, et al.,

                    **Defendants.**

---

**APPEARANCES:**                              **OF COUNSEL:**

**DONOVAN THOMAS**
Plaintiff, *pro se*

**HON. ERIC T. SCHNEIDERMAN**           **MICHAEL G. MCMARTIN, AAG**
New York State Attorney General
The Capitol
Albany, New York 12224
Attorneys for Defendants

**MAE A. D'AGOSTINO, United States District Judge**

### DECISION and ORDER

### I. INTRODUCTION

Plaintiff Donovan Thomas commenced this action by filing a *pro se* civil rights complaint

pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. *See* Dkt. No.

1; Dkt. No. 2 ("IFP Application"). Liberally construed, Plaintiff's complaint alleges that his First

Amendment rights and his rights under the Religious Land Use and Institutionalized Persons Act of

2000 ("RLUIPA") were violated when Defendants forced him to cut his dreadlocks and beard, and

otherwise discriminated against him on the basis of his Rastafarian religion. *See generally* Dkt. No. 1.

Defendants O'Neill and Sullivan have answered the complaint. *See* Dkt. No. 19. Currently before the

Court is Plaintiff's motion for preliminary injunctive relief. *See* Dkt. No. 27.[1]

---

[1] The Court notes that Defendants have filed a motion for sanctions based on Plaintiff's failure

(continued...)

## II. DISCUSSION

**A.      Preliminary Injunction Standard**

A preliminary injunction is an "extraordinary remedy" that should not be granted as a routine matter.  *See Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986) (citation omitted).  "The purpose of issuing a preliminary injunction is to 'preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the . . . merits.'" *Candelaria v. Baker*, No. 00-CV-0912E, 2006 WL 618576, *3 (W.D.N.Y. Mar. 10, 2006) (quotation omitted).  In most cases, to warrant the issuance of a preliminary injunction, a movant must show irreparable harm and either a likelihood of success on the merits of the claim or sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in favor of the moving party.  *See No Spray Coalition, Inc. v. City of New York*, 252 F.3d 148, 150 (2d Cir. 2001) (per curiam); *Covino v. Patrissi,* 967 F.2d 73, 77 (2d Cir. 1992).  Where, however, a movant seeks relief which will alter, rather than maintain, the status quo, or which will provide him with substantially all the relief he seeks, the injunction sought is properly characterized as mandatory rather than prohibitory and the movant must make a "clear" or "substantial" showing of the likelihood of success as well as irreparable harm if the court does not grant the injunctive relief.  *See Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996).  Preliminary injunctive relief "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

**B.      Analysis**

In his motion, as in his complaint, Plaintiff complains of an incident where Defendant O'Neill

---

[1](...continued)
to appear at his deposition.  *See* Dkt. No. 32.  Plaintiff has filed a response in opposition.  *See* Dkt. No. 34.  That motion is currently pending.

told him that he "better cut [his] hair, and if [O'Neill] sees [Plaintiff] again and [his] hair is not cut [he is] going to the Box (shu)."  Further, Plaintiff argues that Defendant Sullivan did not resolve the situation "in a proper manner."  *See* Dkt. No. 27 at 1.  Plaintiff asks that "something [] be done about [his] grievance because it was closed in Midstate Corr. facility without a proper reason . . . and to prevent this situation from occur[r]ing again with another individual."  *See id.*  Defendants have opposed Plaintiff's motion.  *See* Dkt. No. 28.

Plaintiff is no longer in the custody of the Department of Corrections and Community Supervision ("DOCCS") and no longer under the supervision of the named Defendants.  Consequently, the Court must deny his request for injunctive relief as moot.  *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008); *Hallett v. New York State Dep't of Corr. Servs.*, 109 F. Supp. 2d 190, 196 (S.D.N.Y. 2000).

Moreover, Plaintiff seeks injunctive relief solely based on a past injury.  "The showing of irreparable harm is the 'single most important prerequisite for the issuance of a preliminary injunction.'" *Brown v. Middaugh*, No. 96-CV-1097 (HGM/DNH), 1998 WL 566791, *1 (N.D.N.Y. Sept. 3, 1998) (quotation and other citations omitted).  "Irreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages." *Hooks v. Howard*, No. 9:07-CV-0724 (TJM/RFT), 2008 WL 2705371, *2 (N.D.N.Y. July 3, 2008).  Consequently, a finding of irreparable harm cannot be based solely upon past conduct.  *See Watson v. Wright*, No. 08-CV-960, 2010 WL 2431068, *2 (W.D.N.Y. Mar. 10, 2010); *Garcia v. Arevalo*, No. 93 CIV 8147, 1994 WL 383238, *2 (S.D.N.Y. June 27, 1994) (holding that a court cannot find likelihood of future harm based solely on past, illegal conduct.  Bare allegations of irreparable harm from future beatings by correctional officers are insufficient to demonstrate a real threat of actual injury).  Since Plaintiff seeks injunctive relief based solely upon allegations of past injury, he has not demonstrated

irreparable harm.

Finally, Plaintiff's bare allegations of constitutional violations are insufficient to demonstrate a likelihood of success on the merits. *See Covino v. Patrissi*, 967 F.2d 73, 77 (2d Cir. 1992). Plaintiff has failed to submit proof or evidence that meets this standard and his own allegations are not sufficient to entitle him to preliminary injunctive relief. *See Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction"); *Hancock v. Essential Resources, Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals").

For the foregoing reasons, Plaintiff's motion for injunctive relief is denied.


### III. CONCLUSION

**WHEREFORE,** the Court hereby

**ORDERS** that Plaintiff's motion for injunctive relief (Dkt. No. 27) is denied, and the Court further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 8, 2013
      Albany, New York

Mae A. D'Agostino
U.S. District Judge