**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DONOVAN THOMAS,**

                            **Plaintiff,**

    **vs.**                                                **9:12-cv-1061
                                                             (MAD/DEP)**

**SERGEANT O'NEIL, Mid-State
Correctional Facility,** _et. al._**,**

                            **Defendant.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**DONOVAN THOMAS**
163 East 95th Street
Apt. 2R
Brooklyn, New York 11212
Plaintiff _pro se_

**OFFICE OF THE NEW YORK**        **MICHAEL G. MCCARTIN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Defendants filed a motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure for Plaintiff's failure to appear at his scheduled deposition. Specifically, Defendants request dismissal of Plaintiff's complaint. In a July 19, 2013 Order and Report-Recommendation, Magistrate Judge Peebles recommended that the Defendants' motion for sanctions be granted and that Plaintiff's complaint in this action be dismissed in its entirety.

## II. BACKGROUND

*Pro se* plaintiff, Donovan Thomas, commenced this action in July 2012, asserting civil rights claims against the Commissioner and several employees of the New York State Department of Corrections and Community Supervision ("DOCCS") pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 35 at 2. On December 18, 2012, the Court issued a mandatory pretrial discovery and scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure. At that time, Plaintiff was confined in the custody of DOCCS and the order was mailed to the Queensboro Correctional Facility in Long Island City, New York, where Plaintiff was located. *See* Dkt. No. 35 at 2-3. The order contained a statement that "[t]he failure of the plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action." *See* Dkt. No. 32-2 at 1.

On April 10, 2013, Defendants' counsel issued a notice requiring Plaintiff to appear for deposition on May 30, 2013. This notice was mailed to the address provided by Plaintiff after his release from DOCCS on February 15, 2013. *See* Dkt. No. 35 at 4. Plaintiff failed to appear for the deposition and made no attempt to contact Defendants' attorney to inform counsel of his inability to appear. *See id.*

On June 11, 2013, Defendants filed a motion seeking sanctions for Plaintiff's failure to attend the deposition requesting dismissal of Plaintiff's complaint pursuant to Rule 37 of the Federal Rules of Civil Procedure. *See* Dkt. No. 32. Plaintiff's response to Defendants' motion, filed July 1, 2013, contends that he received neither the December 18 scheduling order nor the April 10 notice of deposition. *See* Dkt. No. 34 at 4. The Court, however, received no indication that either was returned as undeliverable. *See* Dkt. No. 35 at 3, 5. A telephone hearing was scheduled for July 9, 2013 to address Defendants' motion and notice was served upon Plaintiff on

June 18, 2013. On the day of the hearing, neither Defendants' counsel nor the Court's staff was able to contact Plaintiff by the phone numbers on record. *See id.* at 5. Plaintiff did not advise the Court that he was unavailable for the July 9, 2013 hearing and neither Defendants nor the Court has had contact with Plaintiff since he filed his opposition to Defendants' motion for sanctions. *See id.*

### III. DISCUSSION

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides several available sanctions for failure to obey a discovery order including "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v). Rule 37(d) permits the Court to issue the same range of sanctions for failure to appear for a deposition after receiving proper notice. *See* " FED. R. CIV. P. 37(d). Defendants' motion relies on two separate provisions for Rule 37 sanctions. First, Plaintiff failed to comply with the Court's Rule 16 discovery order requiring him to submit to a deposition scheduled with at least fifteen days notice. Second, Plaintiff failed to appear for the deposition scheduled on May 30, 2013. Rule 37 authorizes sanctions, which include dismissal of Plaintiff's complaint, in each of these situations. *See id.*

In his opposition to Defendants' motion, Plaintiff contends that, in light of his *pro se* status, he should be allowed the opportunity to proceed with the pretrial discovery. *See* Dkt. No. 34 at 5. Plaintiff claims he should be provided leeway in the administration of sanctions because the right to be heard *pro se* should not be "'impaired by the harsh application of technical rules.'" *See id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). Although *pro se* litigants are allowed reasonable exceptions to technical rules that require legal training, attendance at court ordered depositions is not the sort of legal technicalities contemplated in *Traguth*. *See Traguth*,

3

710 F.3d at 95 (holding the court abused its discretion in dismissing the defendant's claim for failing to meet specific filing deadlines while, acting in good faith, she unsuccessfully attempted to secure counsel).

In the present case, Plaintiff failed to attend a deposition after being served proper notice and failed provide reasons for not attending said deposition. *See* Dkt. No. 35 at 4. Magistrate Judge Peebles provided Plaintiff with leeway in allowing for an opportunity to reschedule his deposition at a telephone conference, which Plaintiff failed to attend. *See id.* at 7; *see, e.g.*, *Dixon v. Albany Cnty. Bd. of Elections*, No. 08-CV-502, 2010 WL 1171225, *2-*3 (N.D.N.Y. Feb. 18, 2010) (dismissing *pro se* plaintiffs' complaint under Rule 37(b) and (d) because they failed to attend two depositions after receiving an extension and being notified that failure to attend may result in dismissal of their case).

Rule 41(b) of the Federal Rules of Civil Procedure states that a court may dismiss an action based on the plaintiff's failure to comply with a court order. *See* FED. R. CIV. P. 41(b). This is the appropriate sanction when a combination of five factors weigh in favor of dismissal:

> "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

*Rodriguez v. Goord*, No. 9:04-CV-0358, 2007 WL 4246443, *3 (N.D.N.Y. Nov. 27, 2007) (quotation omitted); *see also Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (applying the factors when a party failed to comply with a court ordered filing deadline).

This case has been pending for over a year and Plaintiff has failed to comply with the Court on multiple occasions. Plaintiff was on notice by the order issued December 18, 2012 that

"failure of the plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action." *See* Dkt. No. 32-2 at 1. Plaintiff has failed to take advantage of several opportunities to be heard while the Court's docket remains congested. *See* Dkt. No. 35 at 4, 7. Finally, in respect to Plaintiff's history of non-compliance with court orders, any sanction other than dismissal would be futile. The balance of the five factors weigh decidedly in favor of dismissal.

Based on the foregoing, the Court finds that Magistrate Judge Peebles correctly recommended that the Court should grant Defendants' motion for sanctions and dismiss Plaintiff's complaint.

### IV. CONCLUSION

After carefully considering Magistrate Judge Peebles' Report-Recommendation, the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Peebles' July 19, 2013 Order and Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for sanctions is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 27, 2013
      Albany, New York

Mae A. D'Agostino
U.S. District Judge